FILED

2016 MAR 18 AM 9:31

CL...
MIDDLE D...
ORLANDO, FL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID DEXTER,

 Plaintiff,

v.                Case No.: 6:16-CV-477-ORL-18-KRS

CMRE Financial Services, Inc.      JURY TRIAL DEMANDED

 Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. ("FCCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like Defendant, CMRE FINANCIAL SERVICES, INC., from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." Mims v. Arrow Fin. Servs., LLC, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings

Page 1 of 10

presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331.

7. The alleged violations described in the Complaint occurred in Volusia County, Florida.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Florida, who resides in Volusia County, Florida.

9. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

10. Plaintiff is an "alleged debtor."

11. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

12. Defendant, CMRE FINANCIAL SERVICES, INC., is a corporate entity, formed in Brea, California, with its principal place of business located at 3075 E. Imperial Highway, Ste. 200, Brea, California, 92821, and, which conducts business within the State of Florida through its registered agent, C T Corporation System located at 1200 South Pine Island Road, Plantation, Florida 33324.

13. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute § 559.55(6).

14. CMRE FINANCIAL SERVICES, INC. called Plaintiff in excess of thirty (30) times since September 10, 2014, in an attempt to collect an alleged debt which was the result of an illegitimate balance billing from a workers compensation treatment.

15. CMRE FINANCIAL SERVICES, INC. contacted Plaintiff on Plaintiff's cellular telephone number (386) 215-7524.

16. CMRE FINANCIAL SERVICES, INC. did not have Plaintiff's express consent to contact Plaintiff on his cellular telephone number (386) 215-7524.

17. Due to the high volume of calls Plaintiff received from CMRE FINANCIAL SERVICES, INC., Plaintiff was unable to maintain a fully contemporaneous log of all calls he received; however, the calls Plaintiff was able to log are as follows:

    i. September 30, 2014 at 12:30 p.m. from telephone number (505) 359-3386;

    ii. November 10, 2014 at 4:50 p.m. from telephone number (213) 375-0459;

iii. December 15, 2014 at 1:52 p.m. from telephone number (206) 858-9768;

iv. January 8, 2015 at 1:49 p.m. from telephone number (385) 218-4183;

v. January 26, 2015 at 8:15 a.m. from telephone number (406) 272-8764;

vi. February 4, 2015 at 6:37 p.m. from telephone number (385) 218-4183;

vii. February 16, 2015 at 2:41 p.m. from telephone number (385) 218-4113;

viii. February 23, 2015 at 1:46 p.m. from telephone number (385) 218-4113;

ix. March 2, 2015 at 12:24 p.m. from telephone number (385) 218-4113;

x. March 9, 2015 at 12:24 p.m. from telephone number (385) 218-4113;

xi. March 10, 2015 at 1:20 p.m. from telephone number (385) 218-4113;

xii. March 13, 2015 at 12:25 p.m. from telephone number (385) 218-4125;

xiii. March 17, 2013 at 1:29 p.m. from telephone number (385) 218-4125;

xiv. March 23, 2015 at 3:28 p.m. from telephone number (385) 218-4113;

xv. March 30, 2015 at 1:03 p.m. from telephone number (385) 218-4125;

xvi. April 2, 2015 at 2:09 p.m. from telephone number (385) 218-4125;

xvii. April 7, 2015 at 11:13 a.m. from telephone number (385) 218-4125;

xviii. April 13, 2015 at 3:25 p.m. from telephone number (385) 218-4125;

xix. April 24, 2015 at 12:02 p.m. from telephone number (385) 218-4125;

xx. April 29, 2015 at 3:44 p.m. from telephone number (385) 218-4125;

xxi. May 11, 2015 at 1:53 p.m. from telephone number (213) 375-0433;

xxii. May 14, 2015 at 11:45 a.m. from telephone number (213) 375-0433;

xxiii. May 22, 2015 at 5:16 p.m. from telephone number (385) 218-4125;

xxiv. May 26, 2015 at 5:06 p.m. from telephone number (213) 375-0393;

 xxv.  June 3, 2015 at 7:31 p.m. from telephone number (385) 218-4119;

 xxvi.  June 8, 2015 at 4:10 p.m. from telephone number (385) 218-4119;

 xxvii.  February 1, 2016 at 4:01 p.m. from telephone number (321) 332-0959;

 xxviii.  February 3, 2016 at 6:22 p.m. from telephone number (321) 332-0959;

 xxix.  February 4, 2016 at 3:26 p.m. from telephone number (321) 332-0959;

 xxx.  March 1, 2016 at 10:19 a.m. from telephone number (321) 332-0959; and

 xxxi.  March 10, 2016 at 1:39 p.m. from telephone number (321) 332-0959.

18. Plaintiff requested CMRE FINANCIAL SERVICES, INC. to cease all calls to Plaintiff's cellular telephone on several occasions, including in February 2013, December 2014, January 2015, February 2016, and, March 2016.

19. Due to the high volume of calls Plaintiff received from CMRE FINANCIAL SERVICES, INC., Plaintiff was unable to maintain a fully contemporaneous call log notation of each and every time Plaintiff requested CMRE FINANCIAL SERVICES, INC. to cease calls to his cellular telephone number; however, he was able to note the following dates in which he specifically requested for all calls to cease:

 i.  December 23, 2014 at 7:54 a.m.;

 ii.  December 29, 2014 at 7:45 a.m.;

 iii.  January 8, 2015 at 1:49 p.m;

 iv.  February 1, 2016 at 4:01 p.m.;

 v.  February 3, 2016 at 6:22 p.m.;

 vi.  February 4, 2016 at 3:26 p.m.;

 vii.  March 1, 2016 at 10:19 a.m.; and

      viii.      March 10, 2016 at 1:39 p.m.

20. Plaintiff received "robo" calls from CMRE FINANCIAL SERVICES, INC. on several occassions and often selected the option to prevent future calls.

21. Due to the high volume of calls Plaintiff received from CMRE FINANCIAL SERVICES, INC., Plaintiff was unable to maintain a fully contemporatneous list of each and every time he selected the phone option to prevent future calls, however, he noted specifically on March 30, 2015 at 1:03 p.m. he requested, through the automated system, all calls cease.

22. CMRE FINANCIAL SERVICES, INC. attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

23. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention and each call played for Plaintiff a prerecorded or automated voice message upon being answered.

24. Each call CMRE FINANCIAL SERVICES, INC. made to Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

25. Each call CMRE FINANCIAL SERVICES, INC. made to Plaintiff's cell phone was done so without the "express permission" of Plaintiff.

26. CMRE FINANCIAL SERVICES, INC. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.


27. CMRE FINANCIAL SERVICES, INC. has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

28. CMRE FINANCIAL SERVICES, INC. has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people.

29. CMRE FINANCIAL SERVICES, INC. has had numerous complaints from consumers against them across the country asking to not be called, however CMRE FINANCIAL SERVICES, INC. continues to call said consumers.

30. CMRE FINANCIAL SERVICES, INC.'s corporate policy provides no means for Plaintiff to have his number removed from the call list despite the appearance of an automated option; selection of this option by the called party in fact, does nothing to stop future calls.

31. Plaintiff did not expressly consent to CMRE FINANCIAL SERVICES, INC.'s placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to CMRE FINANCIAL SERVICES, INC.'s placement of the calls.

32. None of CMRE FINANCIAL SERVICES, INC.'s telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

33. CMRE FINANCIAL SERVICES, INC. willfully and/or knowingly violated the TCPA with respect to Plaintiff.

## COUNT I
### (Violation of the TCPA)

34. Plaintiff fully incorporates Paragraphs one (1) through thirty-three (33) as if set forth herein.

35. Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff specifically requested Defendant to stop calling Plaintiff.

36. Defendant knowingly violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff specifically requested Defendant to stop calling Plaintiff.

37. CMRE FINANCIAL SERVICES, INC. repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CMRE FINANCIAL SERVICES, INC. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

38. Plaintiff fully incorporates Paragraphs one (1) through thirty-three (33) as if set forth herein.

39. At all times relevant to this action, CMRE FINANCIAL SERVICES, INC. is subject to, and must abide by, the laws of the State of Florida, including, without limitation, Florida Statute § 559.72.

40. CMRE FINANCIAL SERVICES, INC. has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

41. CMRE FINANCIAL SERVICES, INC. has violated Florida Statute § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

42. CMRE FINANCIAL SERVICES, INC. has violated Florida Statute § 559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

43. CMRE FINANCIAL SERVICES, INC.'s actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CMRE FINANCIAL SERVICES, INC. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

Jared M. Lee, Esquire

Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Tele: (407) 420-1414
Fax: (407) 245-3485
Florida Bar No.: 0052284
Attorney for Plaintiff(s)
JLee@ForThePeople.com
JMLPleadings@ForThePeople.com