UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID DEXTER,

    Plaintiff,

v.                                  Case No. 6:16-cv-00477-CEM-KRS

CMRE FINANCIAL SERVICES, INC.,

    Defendant.
_____/

**DEFENDANT, CMRE FINANCIAL SERVICES, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, CMRE Financial Services, Inc. (CMRE), through counsel and under the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by plaintiff, David Dexter (plaintiff), and states:

1. CMRE admits plaintiff purports to bring this action for alleged violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq*., and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat., § 559.55, *et seq.* but denies any violations, liability or wrongdoing under the law. Except as specifically admitted, CMRE denies the allegations in ¶ 1.

**INTRODUCTION**

2. CMRE denies the allegations in ¶ 2.

3. CMRE denies the allegations in ¶ 3 as calling for a legal conclusion.

4. CMRE denies the allegations in ¶ 4 as calling for a legal conclusion.

5. CMRE denies the allegations in ¶ 5 for lack of knowledge or information sufficient to form a belief therein.

## JURISDICTION AND VENUE

6. Upon information and belief, CMRE admits this Court has jurisdiction and venue is proper. Except as specifically admitted, CMRE denies the allegations in ¶ 6.

7. CMRE denies the allegations in ¶ 7.

## FACTUAL ALLEGATIONS

8. Upon information and belief, CMRE admits the allegations in ¶ 8.

9. CMRE denies the allegations in ¶ 9 as calling for a legal conclusion.

10. CMRE denies the allegations in ¶ 10 as calling for a legal conclusion.

11. CMRE denies the allegations in ¶ 11 as calling for a legal conclusion.

12. CMRE admits it is a California corporation with an office at E. Imperial Highway, Ste. 200, Brea, California 92821. Except as specifically admitted, CMRE denies the allegations in ¶ 12.

13. CMRE denies the allegations in ¶ 13 as calling for a legal conclusion.

14. CMRE denies the allegations in ¶ 14.

15. CMRE admits it attempted to call telephone number 386-215-7524. Except as specifically admitted, CMRE denies the allegations in ¶ 15.

16. CMRE denies the allegations in ¶ 16.

17. CMRE admits the allegations in ¶ 17, including subparagraphs i-xxxi.

18. CMRE denies the allegations in ¶ 18.

19. CMRE denies the allegations in ¶ 19, including subparts i-viii.

20. CMRE denies the allegations in ¶ 20.

21. CMRE denies the allegations in ¶ 21.

22. CMRE admits an account in plaintiff's name was placed with it for collection. Except as specifically admitted, CMRE denies the allegations in ¶ 22.

23. CMRE denies the allegations in ¶ 23.

24. CMRE denies the allegations in ¶ 24.

25. CMRE denies the allegations in ¶ 25.

26. CMRE denies the allegations in ¶ 26.

27. CMRE denies the allegations in ¶ 27.

28. CMRE denies the allegations in ¶ 28.

29. CMRE denies the allegations in ¶ 29.

30. CMRE denies the allegations in ¶ 30.

31. CMRE denies the allegations in ¶ 31.

32. CMRE admits the allegations in ¶ 32 as calling for a legal conclusion.

33. CMRE denies the allegations in ¶ 33.

## COUNT I
### (VIOLATION OF THE TCPA)

34. CMRE reasserts the foregoing as if fully stated herein.

35. CMRE denies the allegations in ¶ 35.

36. CMRE denies the allegations in ¶ 36.

37. CMRE denies the allegations in ¶ 37.

## COUNT II
## (VIOLATION OF THE FCCPA)

38. CMRE reasserts the foregoing as if fully stated herein.

39. CMRE denies the allegations in ¶ 39 as calling for a legal conclusion.

40. CMRE denies the allegations in ¶ 40.

41. CMRE denies the allegations in ¶ 41.

42. CMRE denies the allegations in ¶ 42.

43. CMRE denies the allegations in ¶ 43.

## AFFIRMATIVE DEFENSES

1. To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2. CMRE denies any liability; however, regardless of liability, the plaintiff has suffered no actual damages as a result of CMRE's purported violations.

3. One or more claims asserted by plaintiff are barred by the statute of limitations, laches, estoppel, waiver, and/or unclean hands.

4. Assuming that the plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

5. Any harm suffered by the plaintiff was legally and proximately caused by persons or entities other than CMRE and were beyond the control or supervision of CMRE or for whom CMRE was and is not responsible or liable.

6. Plaintiff has failed to state a claim against CMRE upon which relief may be granted.

7. One or more of the telephone calls made to the plaintiff were not made to a wireless, i.e., cellular, telephone.

8. Plaintiff consented and authorized calls to the phone number in question.

9. The phone calls made to the plaintiff are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B), 47 U.S.C.§ 227(b)(2)(b) and 47 C.F.R. § 64.1200(a).

10. The equipment used to make the telephone calls at issue is not covered by or subject to the TCPA.

11. To the extent the calls at issue were to the plaintiff's cellular telephone, as alleged, he provided consent to receive those calls.

12. To the extent the plaintiff was not the intended recipient of the calls, he has no standing to assert the claim.

13. The plaintiff acquiesced in and/or consented to the acts and omissions alleged in the Complaint.

WHEREFORE, Defendant, CMRE Financial Services, Inc., requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Respectfully submitted,

/s/ Rachel A. Morris
Rachel A. Morris, Esq.
Florida Bar No. 091498
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC

3350 Buschwood Park Drive, Suite 195
Tampa, FL 33618
Telephone: (813) 890-2469
Facsimile: (866) 466-3140
ramorris@sessions.legal

*Attorneys for Defendant,*
*CMRE Financial Services, Inc.,*

## CERTIFICATE OF SERVICE

I certify that on this 26th day of April 2016, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system or U.S. First Class Mail including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

Jared M. Lee, Esq.
Morgan & Morgan, P.A.
20 N. Orange Avenue, Suite 1600
Orlando, FL 32801
JLee@ForThePeople.com
JMLPleadings@ForThePeople.com

/s/ Rachel A. Morris
Attorney